# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RICHARD JOSEPH MELELLA,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No.  1:24-cv-01217-SAB

ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

(ECF No. 18)

Plaintiff Richard Joseph Melella ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability benefits pursuant to the Social Security Act.  The matter is currently before the Court on the parties' briefs, which were submitted without oral argument.

Plaintiff requests the decision of Commissioner be vacated and the case be remanded for further proceedings, arguing that the decision below was not supported by substantial evidence. Specifically, Plaintiff argues that the Administrative Law Judge ("ALJ") erred in her analysis of Plaintiff's residual functional capacity with regard to Plaintiff's mental abilities.

For the reasons explained herein, the Court will affirm the decision of the Commissioner.

/ / /

/ / /

/ / /

1

# I.

# BACKGROUND

## A.    Procedural History

On August 10, 2020, Plaintiff filed a Title II application for a period of disability and disability insurance benefits.  (ECF No. 10, Administrative Record ("AR"), 23.)  On October 5, 2020, Plaintiff protectively filed an application for supplemental security income, alleging disability beginning October 1, 2017.  (Id.)  Plaintiff's application was initially denied on June 4, 2021, and denied upon reconsideration on November 4, 2021.  (Id.)  Plaintiff requested a hearing before an ALJ.  On June 14, 2023, Plaintiff, represented by counsel, appeared for a hearing in front of an ALJ.  (Id.)  Plaintiff and vocation expert ("VE") Bassey Duke, Ed.D testified.  (Id.)  On October 5, 2020, the ALJ issued a decision concluding that Plaintiff was not disabled.  (AR 35.)  On April 19, 2024, the Appeals Council denied Plaintiff's request for review.  (AR 6-10.)

## B.    The ALJ's Findings of Fact and Conclusions of Law

In the decision below, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 1, 2017, the alleged onset date.  (AR. 25.)  The ALJ found that Plaintiff had the following severe impairments: the residual effects of a bicep tendon rupture/tendinosis that occurred in 2019 and a mental impairment diagnosed to include major depressive disorder and post-traumatic stress disorder.  (AR 26.)  However, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed in impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Id.)

After considering the entire record, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a light work as defined by the regulation except:

> Lifting/carrying 50 pounds occasionally and 25 pounds frequently; sitting for 6 hours, standing for 6 hours, and walking for 6 hours. The claimant can push/pull as much as he can lift/carry. The claimant can frequently reach overhead to the right. For all other reaching he can reach frequently to the right. He can handle items frequently with the right hand. He has fingering limitations frequently with the right hand. The claimant can climb ladders, ropes, or scaffolds frequently. The claimant is able to perform simple, routine tasks; is able to perform simple work-related decisions; is able to occasionally interact with supervisors and coworkers, but never interact with the public. The claimant is able to make simple work-related decisions.

(AR 28.)  The ALJ then found that that Plaintiff is unable to perform any past relevant work.  (AR 34.)

The ALJ discussed that transferability of job skills was not material to the determination of disability because using the Medical-Vocational Rules as a framework supported a finding that Plaintiff is not disabled, whether or not she has transferable job skills.  (Id.)  Considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform.  (Id.)  Accordingly, the ALJ concluded that Plaintiff had not been under disability, as defined by the Social Security Act, from October 1, 2017, through the date of the decision, October 5, 2020.  (AR 35.)

Plaintiff sought timely review of the Commissioner's decision in the federal courts.  (ECF No. 1.)  The parties consented to the jurisdiction of the United States Magistrate Judge.  (ECF Nos. 3, 10-11.)  Thereafter, the parties filed their briefs on the matter.[1]

## II.

## LEGAL STANDARD

### A.    The Disability Standard

To qualify for disability insurance benefits under the Social Security Act, a claimant must show she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Social Security Regulations set out a five-step sequential evaluation process to be used in determining whether a claimant is disabled.  20 C.F.R. § 404.1520;  Batson v.

---

[1] On December 1, 2022, the Supplemental Rules for Social Security became effective.  Rule 5 states, "[t]he action is presented for decision by the parties' briefs."  Fed. R. Civ. P. Appx. Rule 5.  The 2022 Advisory Committee noted that "Rule 5 states the procedure for presenting for decision on the merits a [42 U.S.C.] § 405(g) review action that is governed by the Supplemental Rules."  Fed. R. Civ. P. Appx. Rule 5 advisory committee note 2022.  Like an appeal, "the briefs present the action for decision on the merits.  This procedure displaces summary judgment or such devices as a joint statement of facts as the means of review on the administrative record."  Id.  The 2022 Advisory Committee unambiguously clarified that "Rule 5 also displaces local rules or practices that are inconsistent with the simplified procedure established by these Supplemental Rules for treating the action as one for review on the administrative record."  Id.  Here, Plaintiff filed a motion for summary judgment, which the Court will construe as a brief in support of his position on whether the Court should affirm, modify, or reverse the decision of the Commissioner.  42 U.S.C. § 405(g).

3

Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1194 (9th Cir. 2004).  The five steps in the sequential evaluation in assessing whether the claimant is disabled are:

> Step one: Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.
>
> Step two: Is the claimant's alleged impairment sufficiently severe to limit his or her ability to work?  If so, proceed to step three.  If not, the claimant is not disabled.
>
> Step three: Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four.
>
> Step four: Does the claimant possess the residual functional capacity ("RFC") to perform his or her past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five: Does the claimant's RFC, when considered with the claimant's age, education, and work experience, allow him or her to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006).  The burden of proof is on the claimant at steps one through four.  Ford v. Saul, 950 F.3d 1141, 1148 (9th Cir. 2020).  A claimant establishes a *prima facie* case of qualifying disability once she has carried the burden of proof from step one through step four.

Before making the step four determination, the ALJ first must determine the claimant's RFC.  20 C.F.R. § 416.920(e).  The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e); 416.945(a)(2); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996).[2]  "[I]t is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity."  Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001); 20 C.F.R. §§ 404.1545(a)(1), 404.1546(c).

At step five, the burden shifts to the Commissioner, who must then show that there are a

---

[2] SSRs are "final opinions and orders and statements of policy and interpretations" issued by the Commissioner.  20 C.F.R. § 402.35(b)(1).  While SSRs do not have the force of law, the Court gives the rulings deference "unless they are plainly erroneous or inconsistent with the Act or regulations."  Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989); see also Avenetti v. Barnhart, 456 F.3d 1122, 1124 (9th Cir. 2006).

significant number of jobs in the national economy that the claimant can perform given her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g); Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To do this, the ALJ can use either the Medical Vocational Guidelines ("grids") or rely upon the testimony of a VE.  See 20 C.F.R. § 404 Subpart P, Appendix 2; Lounsburry, 468 F.3d at 1114; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001).  "Throughout the five-step evaluation, the ALJ 'is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.'"  Ford, 950 F.3d at 1149 (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)).

## B.    Standard of Review

Congress has provided that an individual may obtain judicial review of any final decision of the Commissioner of Social Security regarding entitlement to benefits.  42 U.S.C. § 405(g).  In determining whether to affirm, modify, or reverse an ALJ's decision, the Court reviews only those issues raised by the party challenging the decision.  See Lewis v. Apfel, 236 F.3d 503, 517 n.13 (9th Cir. 2001).  Further, the Court's review of the Commissioner's decision is a limited one; the Court may not disturb the Commissioner's final decision unless it is based on legal error or the findings of fact are not supported by substantial evidence.  42 U.S.C. § 405(g); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998).  "[T]he threshold for such evidentiary sufficiency is not high."  Biestek v. Berryhill, 587 U.S. 97, 103 (2019).  Rather, "[s]ubstantial evidence is more than a mere scintilla, and means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Stiffler v. O'Malley, 102 F.4th 1102, 1106 (9th Cir. 2024) (quoting Ford, 950 F.3d at 1154).  In other words, "[s]ubstantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion."  Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002) (quoting Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995)).

Should the ALJ err, the Court will not reverse where the error was harmless.  Stout, 454 F.3d at 1055-56.  "An error is harmless only if it is 'inconsequential to the ultimate nondisability determination.'"  Leach v. Kijakazi, 70 F.4th 1251, 1255 (9th Cir. 2023) (quoting Lambert v. Saul, 980 F.3d 1266, 1278 (9th Cir. 2020)).  The burden of showing that an error is not harmless

"normally falls upon the party attacking the agency's determination." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) (quoting Shinseki v. Sanders, 556 U.S. 396, 409 (2009)).

Finally, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). Nor may the Court affirm the ALJ on a ground upon which he or she did not rely; rather, the Court may review only the reasons stated by the ALJ in his decision. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003). It is not this Court's function to second guess the ALJ's conclusions and substitute the Court's judgment for the ALJ's; rather, if the evidence "is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." Ford, 950 F.3d at 1154 (quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)).

## III.

## DISCUSSION AND ANALYSIS

Plaintiff argues that the mental RFC is not supported by substantial evidence of the record. (ECF No. 18, pp. 10-15.) Specifically, Plaintiff asserts that the ALJ erred by failing to account for the moderate limitations in attendance, stress tolerance, and adaptation to workplace changes opined by psychological consultants Jerry Livesay, Ph.D and David Tessler, Psy.D. (Id. at p. 13.) The Commissioner opposes, arguing that the ALJ properly evaluated the opinions and translated them into the RFC finding. (ECF No. 20, p. 4.) The Court agrees with the Commissioner.

When an ALJ calculates a claimant's RFC, the ALJ is tasked with determining "the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis." SSR 96-8p, 1996 WL 374184, at *2. In other words, the "RFC does not represent the least an individual can do despite his or her limitations or restrictions, but the *most*." Id. (emphasis in original). An ALJ assesses an RFC "based on all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). This includes "any statements . . . provided by medical sources, whether or not they are based on formal medical examinations," as

well as reviewing any "consultative examination(s)" and, where applicable, persuasive prior administrative medical findings ("PAMFs"). Id.

Under the Social Security Administration's 2017 revised regulations, "there is not an inherent persuasiveness to evidence from [government consultants] over [a claimant's] own medical source(s), and vice versa." Woods v. Kijakazi, 32 F.4th 785, 791 (9th Cir. 2022) (quoting Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844, 2017 WL 168819 (F.R. Jan. 18, 2017)). "The most important factors" that the agency considers when evaluating the persuasiveness of medical opinions are "supportability" and "consistency." Id. (quoting 20 C.F.R. § 404.1520c(a)). Supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant . . . objective medical evidence." 20 C.F.R. § 404.1520c(c)(1); see also 20 C.F.R. § 416.920c(c)(1). Consistency means the extent to which a medical opinion is "consistent . . . with the evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. § 404.1520c(c)(2); see also 20 C.F.R. § 416.920c(c)(2). With that said, it remains for "the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." Lambert v. Saul, 980 F.3d 1266, 1277 (9th Cir. 2020) (quoting Treichler v. Comm. of Soc. Sec. Admin., 775 F.3d 1090, 1098 (9th Cir. 2014)).

As relevant here, the ALJ's RFC determination stated that Plaintiff is able to perform simple, routine tasks, is able to perform simple work-related decisions, is able to occasionally interact with supervisors and coworkers, but never interact with the public, and is able to make simple work-related decisions. (AR 28). In support, the ALJ discussed the opinion of psychological consultative examiner Jerry Livesay, Ph.D, as well as an opinion from Jacinda Hernandez, Ph.D., and state agency psychological consultants David Tessler, Psy.D and Uwe Jacobs, Ph.D. (AR 30-33.) Plaintiff takes issue with the ALJ finding the opinion of Drs. Livesay and Tessler persuasive yet not translating certain moderate limitation findings into the RFC.

In an effort of completeness, the Court quotes the ALJ's discussion in full regarding the opinion of Drs. Livesay and Tessler.

Psychological consultative examiner, Jerry Livesay, Ph.D., opined

in February 2020 that the claimant is mildly impaired in his ability to perform detailed and complex tasks, mildly impaired in his ability to interact with coworkers and the public, moderately impaired in his ability to maintain regular attendance and complete a normal workday/workweek without interruption from a psychiatric condition; and moderately impaired in his ability to deal with the usual stress encountered in the workplace. These findings are somewhat supported and persuasive because the examiner indicates that the claimant's problems are treatable, despite a depressed mood and affect on exam (2F). These findings are somewhat consistent with the record, which shows that aside from his depressed and anxious mood, he had normal mental status findings (4F/8, 310, 314, 354, 362, 365; 6F/12; 3F/14; 5F/4, 20, 32, 39, 43, 49, 78, 98, 129, 149, 157).

. . .

State agency psychological consultants, David Tessler, Psy.D. and Uwe Jacobs, Ph.D., found in May 2021 and November 2021, at the initial and reconsideration levels of determination, respectively, that the claimant has a moderate limitation in all four functional domains under the "paragraph B" criteria. The consultants found that the claimant is able to remember locations, work-like procedures, and very short simple instructions; he will have moderate limitations in understanding/remembering detailed instructions; has the ability to maintain attention and concentration for periods of at least two hours duration; may have occasional interruptions from psychologically based symptoms, but has the ability to complete a normal workday and work week without an unreasonable number and length of rest periods; social interact skills may be somewhat limited at times; however, the claimant appears capable of performing simple tasks in an environment with limited interpersonal contact; and would exhibit moderate limitations adapting to changes in the workplace due to poor coping skills. These findings are supported because the consultants note that the claimant had a long work history up until 2017, has received intermittent treatment, and has not been hospitalized (1A; 2A; 5A; 6A). Moreover, these findings are consistent with the record, which shows that aside from his depressed and anxious mood, he had normal mental status findings (4F/8, 310, 314, 354, 362, 365; 6F/12; 3F/14; 5F/4, 20, 32, 39, 43, 49, 78, 98, 129, 149, 157). Moreover, the record shows that the claimant was not compliant with his medication for mental health and his therapy attendance was inconsistent (5F/3; 10F/4; 4F/284, 289). Therefore, these findings are persuasive.

(AR 31-33.)

The ALJ found Dr. Livesay's opinion somewhat persuasive, and Dr. Tessler's opinion persuasive. To the extent Plaintiff challenges the RFC solely on the ALJ's failure to adequately account for Drs. Livesay's and Tessler's opined moderate limitations, such argument is unavailing. In considering Drs. Livesay and Tessler's opinions, the ALJ cited evidence that although

Plaintiff's condition was well controlled with medication, he was not compliant with his prescribed treatment. Evidence that a condition is effectively managed with medication is a valid basis for discrediting an opinion. See Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006).

Additionally, RFC findings need only be *consistent* with, rather than identical to, the opined limitations. Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1223 (9th Cir. 2010). While Drs. Livesay and Tessler opined that Plaintiff had moderate limitations, both nonetheless concluded that Plaintiff could perform simple work. Dr. Livesay opined that Plaintiff could perform simple and repetitive tasks, and Dr. Tessler similarly opined that Plaintiff could perform simple tasks in an environment with limited personal contact. (AR 105-06, 409.)

Courts within the Ninth Circuit have found that a limitation to simple, repetitive tasks adequately accounts for moderate limitations. See, e.g., Calisti v. Colvin, No. 1:14-cv-02000-SKO, 2015 WL 7428724, at *9 (E.D. Cal. Nov. 23, 2015) (finding that the RFC limitation to simple, repetitive work adequately captured moderate limitations in maintaining attendance, completing a normal workday without interruptions from psychiatric condition and dealing with stress); Castaneda v. Comm'r of Soc. Sec., 1:22-cv-00467-CDB, 2025 WL 2617252, at *4 (E.D. Cal. Sep. 9, 2025) (holding that the RFC's limitation to simple, repetitive work was consistent with the mild to moderate impairments in completing a normal workday without interruptions from a psychiatric condition and dealing with stress); Jacque M. v. Saul, No. CV 19-2269-PLA, 2019 WL 6893965, at *8 (C.D. Cal. Dec. 18, 2019) (finding that the ALJ adequately translated the claimant's moderate limitations in completing a normal workday and workweek due to mental impairments and in handling the usual stresses and changes of employment by limiting the claimant to simple, repetitive tasks, no contact with the public, and limited contact with supervisors and coworkers).

The ALJ considered the moderate limitations in Plaintiff's ability to maintain regular attendance and complete a normal workday/workweek without interruption from a psychiatric condition, tolerate usual stress encountered in the workplace, and adapt to changes in the workplace. The ALJ accommodated these limitations by limiting Plaintiff to simple, routine tasks,

only occasional interaction with supervisors and coworkers, and no interaction with the public. The Court finds that the ALJ's RFC determination adequately captured the moderate deficiencies described. Accordingly, the Court finds no reversible error.

## IV.

## CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is AFFIRMED. It is FURTHER ORDERED that judgment be entered in favor of Defendant Commissioner of Social Security and against Plaintiff Richard Joseph Melella. The Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated:   **February 20, 2026**   _____

STANLEY A. BOONE
United States Magistrate Judge